signed to the forged instrument was a fictitious name. This disposes of bills of exceptions Nos. 1 and 2 adversely to appellant's contention. Johnson v. State, 33 Tex. Cr. R. 271, 33 S. W. 231; Chapman v. State (Tex. Cr. App.) 34 S. W. 621; Mettall v. State, 89 Tex Cr. R. 216, 232 S. W. 315; Cobb v. State (Tex. Cr. App.) 286 S. W. 1086.

[2] Appellant's bill of exceptions No. 3 does not appear to have been examined and approved by the court, and for this reason will not be considered.

Appellant's bill of exceptions No. 4 complains that the statement of facts filed by the court as the statement of facts in this cause is not true and correct. This bill as qualified shows no error. Miller v. State (Tex. Cr. App.) 282 S. W. 812.

The facts are amply sufficient to justify the inference by the jury that the name signed to the check was in fact a fictitious person. The evidence is sufficient to show that the check was forged, and the verdict of the jury is amply supported by the facts.

There being no errors in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

─────

### KINSLOW v. STATE.    (No. 10673.)

(Court of Criminal Appeals of Texas. Jan. 19, 1927.)

Criminal law ☞1144(½)—Regularity of trial for transporting liquor will be presumed, in absence of statement of facts and bills of exception.

Upon appeal from conviction for unlawfully transporting intoxicating liquor, in absence of statement of facts and bills of exception on record, reviewing court will presume all proceedings regular; offense having been properly charged in indictment.

Appeal from District Court, Lamar County; George P. Blackburn, Judge.

W. C. Kinslow was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

Sturgeon & Sturgeon, of Paris, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for transportation of intoxicating liquor; the punishment being one year in the penitentiary.

Neither statement of facts nor bills of exception appear in the record. The indictment charges the offense. All proceedings will be presumed to have been regular in the absence of complaint. Nothing is presented for review.

The judgment is affirmed.